**BELL, Appellant,**

**v.**

**OHIO BUREAU OF MOTOR VEHICLES, Appellee.**

[Cite as *Bell v. Ohio Bur. of Motor Vehicles* (1997), 118 Ohio App.3d 227.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96–10–092.

Decided Feb. 10, 1997.

[black redaction bars]

*Holbrock, Jonson, Evans & Olivas* and *Timothy R. Evans,* for appellant.

*Betty D. Montgomery,* Attorney General, and *William A. Ogden,* Assistant Attorney General, for appellee.

WALSH, Judge.

Defendant-appellant, Robert L. Bell, appeals a decision of the Clermont County Court of Common Pleas affirming the one-year suspension and disqualification of his commercial driver's license ("CDL") imposed by the Ohio Bureau of Motor Vehicles ("BMV").

On December 9, 1993, appellant was involved in a motor vehicle accident while operating a tractor trailer. Ohio State Patrol officer Andrea Bennett stopped appellant and administered a breath test, which revealed a blood-alcohol concentration ("BAC") of .043 per cent. Bennett charged appellant with operating a commercial vehicle with an alcohol concentration of four-hundredths of one percent or more, in violation of R.C. 4506.15(B).[1] Appellant entered into a plea bargain in which he pled guilty to a lesser charge; *i.e.,* having a "measurable or detectable" amount of alcohol in his blood or breath in violation of R.C. 4506.15(A).

Meanwhile, Bennett prepared a sworn affidavit concerning the results of the breath test and submitted it to the BMV as required by R.C. 4506.17(D). Upon receipt of Bennett's affidavit, the BMV suspended appellant's CDL for one year.

Appellant filed an administrative appeal, which was denied. He then appealed to the Clermont County Court of Common Pleas pursuant to R.C. 119.07. The common pleas court affirmed the decision of the BMV. Appellant filed this appeal.

Appellant presents one assignment of error for review:

---

1. R.C. 4506.15(B) states:
   "No person shall do any of the following:
   " * * *
   "(B) Drive a commercial motor vehicle while having an alcohol concentration of four-hundredths of one per cent or more."

"The court erred in affirming the decision of the administrative hearing officer since that decision was against the manifest weight of the evidence and contrary to law."

Appellant argues that because he pled guilty to Section (A) of R.C. 4506.16, the BMV erred when it suspended his CDL for one year. Appellant contends that a one-year CDL suspension is an appropriate sanction for a party who is convicted of violating Section (B)—and not Section (A)—of the statute. We agree.

R.C. 4506.17(D) states:

"If a person * * * submits to a test that discloses the presence of * * * an alcohol concentration of four-hundredths of one per cent or more, the provisions of division (B)(1) or (3) of section 4506.16 of the Revised Code apply and the person shall immediately surrender his commercial driver's license to the peace officer. The peace officer shall forward the license, together with a sworn report, to the registrar of motor vehicles certifying that the test was requested pursuant to division (A) of this section and that the person * * * submitted to a test that disclosed the presence of * * * an alcohol concentration of four-hundredths of one per cent or more."

R.C. 4506.17(E) requires the registrar of the BMV, upon receipt of the affidavit, to disqualify the person named in the sworn report from driving a commercial motor vehicle in accordance with R.C. 4506.16.[2]

R.C. 4506.16(B) requires the registrar to suspend a CDL for one year only "[u]pon a first *conviction*" of R.C. 4506.15(B), the section of the statute appellant was initially charged with violating. R.C. 4506.16(B)(1) states:

"The registrar of motor vehicles shall disqualify any person from operating a commercial motor vehicle as follows:

"(1) *Upon a first conviction* for a violation of divisions (B) to (G) of section 4506.15 of the Revised Code * * * one year, in addition to any other penalty imposed by the Revised Code." (Emphasis added.)

By comparison, R.C. 4506.16(A) provides that a driver who violates R.C. 4506.15(A), the section of the statute to which appellant pled guilty, be placed "out-of-service" for twenty-four hours.[3]

---

**2.** R.C. 4506.17(E) states:

"Upon receipt of a sworn report from a peace officer as provided in division (D) of this section, the registrar shall disqualify the person named in the report from driving a commercial motor vehicle for the period required by section 4506.16 of the Revised Code."

**3.** R.C. 4506.16(A) states:

Because appellant was charged with, but not convicted of, violating Section (B) of the statute, we find that the common pleas court erred in affirming the BMV's one-year suspension of appellant's license. We hereby reverse the decision of the court of common pleas. The BMV's decision suspending appellant's CDL for one year was improper. Since appellant was not convicted of violating R.C. 4506.15(B), the BMV must terminate his suspension and disqualification under R.C. 4506.16(B).

*Judgment reversed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.

---

"Whoever violates division (A) of section 4506.15 of the Revised Code * * * immediately shall be placed out-of-service for twenty-four hours, in addition to any disqualification required by this section and any other penalty imposed by the Revised Code."